# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN COLWELL, | 3:10-cv-00669-LRH (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| ROBERT BANNISTER, et al., | |
| Defendants. | |

Before the court is Defendants' Motion for Leave to File Exhibit A Under Seal in Support of Defendants' Motion for Summary Judgment. (Doc. # 34.)

In his Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment when they denied him cataract surgery for his right eye. (Pl.'s Compl. (Doc. # 7).) Defendants have filed a Motion for Summary Judgment. (Doc. # 33.) Exhibit A consists of Plaintiff's medical records. (Doc. # 34, Doc. # 35.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings…outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

Defendants assert that Plaintiff's medical records should be filed under seal because they are confidential and contain sensitive information. (Doc. # 34 at 2.) While the court is not entirely convinced that all prison records, such as medical and dental records must remain sealed, it recognizes that courts have found that the need to protect medical privacy qualifies as a "compelling reason." *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.,* 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

///
///

Here, Exhibit A, which consists of Plaintiff's medical records, contains Plaintiff's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing Exhibit A. Therefore, Defendants' motion to file Exhibit A under seal (Doc. # 34) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: December 14, 2011

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3